### AICARDI v. THE STATE.

1. Whether the legislature of a State has authority under the constitution of the State to pass a particular statute, what is the true interpretation of any statute passed by it for a purpose specified, and what acts will be justified under the statute, are matters which lie exclusively within the determination of the highest court of the State.
2. Statutes which allow gaming are to be construed strictly.

ERROR to the Supreme Court of Alabama.

The Revised Code of Alabama, section 3621, in force before and in the year 1868, enacts that,

"Any person who keeps or exhibits, or is interested or concerned in keeping or exhibiting, any table for *gaming*, of whatsoever name, kind, or description, not regularly licensed under the laws of the State, must, on conviction, be fined not less than $100," &c.

This section of the code being in force, the legislature, on the 31st of December, 1868, passed an act which enacted,

"SECTION 1. That Clifton Moses & Co. shall have the full right and authority to form themselves into a partnership association, for the purpose of receiving subscriptions, and to sell and dispose of certificates of subscription which shall entitle the holder thereof to such prizes as may be awarded to them, which distribution of award shall be fairly made in public, by *casting of lots, or by lot, chance, or* OTHERWISE, *in such manner as to them may seem best* to promote the interest of the school fund of Mobile County, which said distribution of award and prizes shall be made at their office in the city of Mobile," &c.

"SECTION 2. That before commencing business under the provisions of this act, said partners shall pay to the board of school commissioners of Mobile County, for the use of the public schools of said county, the sum of $1000; and *annually thereafter* a like amount, for the term of ten years, or so long *as said partnership shall choose* to do business under the provisions of this act; it being understood and agreed, that said payment of $1000 per annum is the consideration upon which this privilege is granted.

"SECTION 4. That this act shall remain in full force and effect

for ten years, upon the consideration herein contained, during which time said partnership company shall have the right to exercise the privilege and franchise herein given, any law to the contrary notwithstanding."

Under this act J. C. Moses & Co. formed a partnership, which gave to one Aicardi its authority to keep or exhibit what was clearly a roulette-table, or "a table for gaming."

On the 8th of March, 1871, the legislature repealed the above-quoted act.

Moses & Co., however, still paid the $1000 a year, and kept the table open to the public.

Aicardi being now indicted under the section of the code already quoted, set up an authority under the license from Moses & Co., and that the act of the 8th of March, 1871, which he alleged gave Moses & Co. the right to keep such a table as he did, was void, as violating the obligation of contracts. The court in which he was indicted held that it was not thus void, and Aicardi was there convicted.

The Supreme Court of the State affirmed that judgment on the authority of *Mayor, Aldermen, and Council of Mobile* v. *Clifton Moses et al.*, a case decided at the same term.

In that case the said court held the act of 31st of December, 1868, unconstitutional and void under the constitution of the State; moreover that it did not authorize a gaming-table. Aicardi now brought the case here on error.

*Messrs. J. A. Elmore and S. F. Rice, for the plaintiff in error,* contended that the legislature had full power to take away either by general law or otherwise all indictable quality from gambling; that they had here done so, so far as Moses & Co. were concerned; and that as to them the section 3621 of the code had been repealed for a valuable consideration paid to the State. That if the act of December, 1868, was valid, it was impossible to argue that its broad language did not confer upon Moses & Co. the franchise or privilege to do everything which Aicardi did, and to *select any mode* they deemed best for the distribution of awards and prizes; that

the act of 1871 plainly impaired the obligation of the contract made with Moses & Co., and liberally paid for by them.

*Mr. P. Phillips, contra,* argued that no question was before this court as to whether the repealing act of 1871 violated the obligation of contracts; that the decision by the Supreme Court of Alabama, on its own constitution and statutes, had obviated the necessity of question here on that point, and was beyond the revisory power of this court.

*Reply:* This court will decide for itself whether there was a contract to be impaired, what were its terms, and what its obligations, even though the contract have been a legislative contract, or one which arises from the acceptance of the provisions of an act of a State legislature.* State courts are not permitted to evade or elude the jurisdiction of this court, by deciding that to be no contract which this court knows to be a contract, or by any other mistake or device.

Mr. Justice SWAYNE recapitulated the facts of the case, and delivered the opinion of the court.

The record discloses, so far as is necessary to state it, the following case:

The plaintiff in error was indicted for keeping a gaming-table.

The legislature of Alabama passed an act, approved December 31st, 1868, entitled "An act to establish the Mobile Charitable Association, for the benefit of the common-school fund of Mobile County, without distinction of color." It authorized certain persons therein named to form themselves into a partnership association, under the name and style of J. C. Moses & Co., and to establish and carry on the business specified. Before commencing business they were required to pay to the board of school commissioners of Mobile County, for the use of the public schools of that county,

---

* Delmas *v.* Insurance Company, 14 Wallace, 661; Olcott *v.* The Supervisors, 16 Id. 678.

the sum of $1000, "and annually thereafter a like amount for the term of ten years, or so long as said partnership shall choose to do business under the provisions of this act; it being understood and agreed that said payment of $1000 per annum by said partnership to said common-school fund, is the consideration upon which this privilege is granted, and whenever said company shall fail to pay said sum according to the provisions of this act, then and in that case the right to do business shall cease." The last section declared " that this act shall remain in full force and effect for ten years upon the consideration herein contained, during which time said partnership company shall have the right to exercise the privilege and franchise herein given, any law to the contrary notwithstanding."

On the 8th of March, 1871, the legislature repealed the act.

Moses & Co. paid the amount required as a condition precedent, and continued to pay from time to time thereafter as if the repealing act had not been passed.

It was admitted that the defendant in keeping the gaming-table acted under the authority of Moses & Co., and as their agent. The offence was charged to have been committed on the 2d of December, 1871.

The bill of exceptions sets forth fully the evidence given at the trial. The table was "a table similar in many respects to a table commonly known and called a roulette-table, or table and wheel similar to a roulette-table, at which money was bet by persons operating at said table; that the money was bet in this manner." The manner of using the wheel and table and of conducting the gaming process are then fully described.

The court instructed the jury in substance that if the defendant had kept a gaming-table they should find him guilty. The defendant excepted. He thereupon asked certain instructions, which were refused, and he excepted to the refusal.

The Supreme Court of the State affirmed the judgment, and this writ of error has been prosecuted to bring the judg-

ment of affirmance before this court for review. The plaintiff in error insists that the act of December 31st, 1868, was, when the repealing act was passed, as between Moses & Co. and the State, a contract, and that the repealing act was a violation of that contract within the meaning of the Constitution of the United States, and therefore void.

Our attention has been called to the opinions of the judges of the Supreme Court of Alabama in the case of *The Mayor, Aldermen, and Common Council of Mobile* v. *Clifton Moses et al.* That case involved the same statutes and presented the same questions as the case before us. In that case a majority of the judges held that the act was unwarranted by the constitution of the State, and therefore void. But a majority also held that keeping a gaming-table was not within the purview of the act, and that the act did not affect the pre-existing provision of the code upon that subject. One of the judges, holding this latter view, said: "The act declares that the association was allowed to be formed for the purpose of receiving subscriptions, and to sell and dispose of certificates of subscription, which shall entitle the holders thereof to such prizes as may be awarded to them. This is the means provided by the law to carry on 'business' under the franchise. This may be done, whatever it may mean, without the violation of the statutes against gambling; that is, without keeping a gaming-table in the manner forbidden by the revised code. The scheme of operations set out in the bill is clearly that of keeping or exhibiting 'a table for gaming.' The legislature did not intend to repeal this section of the code by the law allowing the formation of this association, and turn loose upon society the evils thus restrained."

This construction of the statute is authoritative in this court. We concur in the views expressed by the learned judge from whose opinion we have quoted. Such an act should be construed strictly. Every reasonable doubt should be so resolved as to limit the powers and rights claimed under its authority. Implications and intendments should

have no place except as they are inevitable from the language or the context. But aside from these views it is not to be supposed that it was the purpose of the act to give to the association the power to carry on, throughout the State, for the period of ten years, gaming in the form disclosed in this record, in defiance of the legislative authority, and without any check or limitation save such as they might choose to impose upon themselves.

This conclusion renders it unnecessary to consider the constitutional validity of the original act or the effect of the repealing act. We have not found it necessary to consider those subjects.

JUDGMENT AFFIRMED.